675 So.2d 1018 (1996)
T.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00906.
District Court of Appeal of Florida, Second District.
June 21, 1996.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
T.W. appeals a delinquency adjudication for loitering and prowling, contending the state's evidence was insufficient to support the charge. We reverse.
The evidence, when viewed in a light most favorable to the state, reveals the following facts. A Lee County sheriff's deputy was patrolling the Fort Myers Beach area around 4 a.m. on October 9, 1994. At the intersection of Estero and San Carlos Boulevards, he noticed a white male walking in a westerly direction from the side of a building next door to a closed pawn shop. The man, later identified as T.W., was carrying a black chain saw case. He was about one foot from the building when the deputy first observed him. T.W. then proceeded north, away from the building.
The deputy approached T.W. and asked what he was doing. T.W. stated he was walking to a friend's house to cut trees. When the deputy questioned him about the early hour, T.W. responded that he had been dropped off in the area and was walking home. When the deputy asked what was in the case, T.W. opened it and displayed the chain saw. He told the deputy that he had just purchased the saw from an unknown person on the beach. The deputy testified that T.W.'s statements did not dispel his fear for the safety of the community, so he placed T.W. into custody.
The trial court denied T.W.'s motion for judgment of acquittal, adjudicated him delinquent, *1019 and placed him on community control. T.W. then filed a timely notice of appeal.
To support a conviction for loitering and prowling, the state must prove that a person is (1) in a place, at a time, or in a manner unusual for a law-abiding individual (2) under circumstances that warrant a justifiable and reasonable alarm or concern for the safety of persons or property in the vicinity. The behavior must imminently threaten the safety of persons or property. E.B. v. State, 537 So.2d 148, 149 (Fla. 2d DCA 1989). See also K.R.R. v. State, 629 So.2d 1068 (Fla. 2d DCA 1994).
Even if we assume the state proved the first element, it did not prove the second element of loitering and prowling. The evidence only reveals that an officer saw T.W., then age 17, walking next to a pawn shop at 4 a.m. carrying a case which the officer recognized as containing a chain saw. T.W. did not attempt to flee, conceal himself, or hide the case. See K.R.R., 629 So.2d at 1069. Even though T.W. carried a chain saw, the state presented no evidence that T.W.'s conduct immediately threatened persons or property in the area. The officer thought that T.W. may have stolen the chain saw, but his investigation of the pawn shop revealed that it had not been entered. Further, "loitering and prowling `is not directed at suspicious after-the-fact criminal behavior which solely indicates involvement in a prior, already completed substantive criminal act.'" Id. at 1070 (quoting D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985)). We note that T.W. was not arrested for or charged with theft of the chain saw. Finally, T.W.'s failure to explain his possession of the chain saw is not an element of loitering and prowling. K.R.R., 629 So.2d at 1070; E.B., 537 So.2d at 150. Accordingly, we reverse T.W.'s delinquency adjudication.
Reversed.
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.